# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| | : |
| SCOTT W. FITZGERALD AND REBECCA S. FITZGERALD | : |
| | : |
| | : |
| DEBTOR(S) | : BANKRUPTCY NO. 07-14703 SR |

# OPINION

BY: STEPHEN RASLAVICH, CHIEF UNITED STATES BANKRUPTCY JUDGE.

**Introduction**.

Before the court is the Debtors' Second Amended Objection to the Amended Proof of Claim of Keystone Federal Credit Union. ("Keystone") The claim in issue (#10) has been filed as a secured claim in the amount of $8,692.55 and recites that it is for money loaned to the Debtors incident to their purchase (in October 2003) of a 2001 Grand Caravan Automobile. For the reasons which follow, the Objection will be dismissed.

**Discussion**.

This contested matter has had a rather labored procedural history. The entirety of it does not warrant recitation. One point which the Court does note, however, is an argument which Keystone has made respecting the timeliness of the Second Amended Objection. Pursuant to this Court's Order of April 14, 2008, (which dismissed the Debtor's first Amended Objection to Keystone's Proof of Claim as moot in view of Keystone's having amended the claim) The Debtors were given 20 days to file any objection to Keystone's Amended Proof of Claim. Keystone notes, correctly, that this would have required the Second Amended Objection to have been filed no later than May 5, 2008 (See F.R.B.P. 9006(a)) The Second Amended Objection

was filed on May 9, 2008, thus rendering it untimely. While this alone arguably warrants dismissal of the Objection, the Objection is otherwise completely without merit and would warrant dismissal in any event. The Court briefly reviews the substance of the Objection.

The claim in question relates to a deficiency balance claimed by Keystone following its pre-petition repossession and sale of the subject vehicle in 2006.

The Debtors challenge Keystone's claim on four bases. First, the Debtors argue that the claim should be disallowed because the Debtors demanded, but presumably never received, a payment history. Yet, at docket entry 130 appears Keystone's response to the Debtors' request for production of documents. Dated March 11, 2008, the response has appended to it as Exhibit "C" the precise information the Debtors continue to "demand."

Similarly, the Debtors' pleading contends that if the claim in question relates to a deficiency balance, it must be disallowed due to the claimant's failure to prove certain elements of the Pennsylvania Motor Vehicle Sales Act, 69 Pa. C.S.A. § 601-637. The Debtors specific grievances appears to be that Keystone and/or the original Seller of the vehicle, James Chevrolet Inc., were not licensed pursuant to the Act, such that Keystone (as the Dealership's assignee) is precluded from pursuing the deficiency balance in question. As to Keystone, once again the very information in issue was already provided. It is contained in Keystone's response to the Debtors' Objection. This document (Docket Entry #128, dated March 11, 2008) has attached to it as Exhibit "E" a listing of Keystone's inclusion as a sales finance company on the Pennsylvania Department of Banking's Official website. ( License #18938).

Documents evidencing the assignment of the original installment sales contract are also attached to Keystone's response to the Debtors' request for production of documents at Exhibit

"B."

The record does not contain similar licensure detail as to Keystone's assignor, James Chevrolet, Inc. However, this has little probative weight. The Debtors' own pleading (at ¶ 4) recites that "on 3/19/08, a telephone call to the Department of Banking revealed that the original seller may have been licensed, but the Debtors' attorney was not able to confirm so." The Court's inference from this admission is that someone, presumably the Debtors or their counsel, phoned the Department of Banking, were told the Dealership was licensed, but did not follow-up to obtain paperwork adverse to their interest.

At a hearing held on June 4, 2008, Debtors' counsel spoke to the Dealership's licensure issue saying "now I don't know if they were or weren't." (N.T. @ 5) Counsel argued that Keystone's claim must fail because Keystone had failed to prove the dealership was licensed. This argument seems particularly ungrounded given the admission in the Debtors' pleading. Moreover, and as discussed below, it demonstrates counsel's misunderstanding of certain key aspects of claims litigation.

The Debtors' objection also demands "proof" that the proper notice of repossession was sent to the Debtors prior to the sale of the vehicle. (Although they never in fact deny receiving same.) The Court notes, with dismay, that here once again the very information which the Debtors demand was previously made available to them. Keystone's response to the Debtor's objection (at Exhibit "A") attaches a copy of the repossession notice with a copy of a signed certified mail receipt card.

Finally, the Debtors also object that the vehicle was sold after repossession for an unreasonably low price, thereby making any deficiency unrecoverable. The Debtors demand

3

"proof" from Keystone that the vehicle was sold at a fair and marketable price.  In making this argument, the Debtors demonstrate a misunderstanding of the burden of proof in Claims litigation:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce evidence equal in force to the *prima facie* case. Id.;. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.  The burden of persuasion is always on the claimant.

*In re Allegheny Intern, Inc.*, 954 F.2d 167,173-174 (3d Cir. 1992) (citations omitted).

Accordingly, in this dispute the debtor has an initial burden of production to demonstrate that Keystone's secured proof of claim is improper.  Once the debtor meets this initial burden of production, the burden of persuasion as to the validity of the proof of claims falls upon the creditor.  *Accord, e.g., In re Allegheny Intern, Inc.; In re Koch,* 83 B.R. 898, 903 (Bankr. E.D. Pa. 1988); L.King, 4  COLLIER ON BANKRUPTCY ¶ 502.02 [2][f] (15th ed. Rev. 1999).  The creditor meets its burden of persuasion by the traditional preponderance of the evidence standard.  *See In re Koch,* 83 B.R. at 903.

In this case the Debtors have produced no evidence to negate the *prima facie* validity of Keystone's claim.  The Debtors' objection is couched entirely in terms of speculation or outright misstatement.  The burden of production therefore never shifted to Keystone and its claim retains

its *prima facie* validity. Accordingly, the Objection to Keystone's claim will be dismissed.

In closing, the Court is constrained to observe that the filing of this claim objection is distressing, as it clearly has no merit whatsoever. Counsel is admonished, in particular, for pursuing frivolous positions and making demands for information which were already in counsel's possession.

An appropriate Order follows.

By the Court:

_____
Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: July 24, 2008